UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ROBERT K. ADAMS )<br>)<br>    *Petitioner*, )<br>)<br>v. )<br>)<br>)<br>THE STATE OF TENNESSEE )<br>)<br>    *Respondent*. ) | No. 3:06-cv-163<br>*Phillips* |

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Robert K. Adams ("Adams") challenges his 2000 Knox County conviction for aggravated robbery. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with a copy of Adams' judgment of conviction. [Court File No. 5, Attachment 1 to the motion to dismiss].

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On August 30, 2000, Adams pleaded guilty to aggravated assault and, by judgment entered that date, was sentenced to a term of imprisonment of three years; he was immediately placed on probation for one year, 322 days. Adams did not appeal his conviction or sentence, and thus his conviction became final on September 29, 2000, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

Adams thus had one year from September 29, 2000, within which to file his federal habeas corpus petition. There is no record of Adams having filed a state petition for post-conviction relief or any other state petition for collateral review which would have tolled the statute of limitation. The court received the pending habeas corpus petition on April 20, 2006. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation.

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    United States District Judge